United States Bankruptcy Court
Southern District of Florida

In re:                                                          Case No. 13-35330-LMI
Debra Tina Diaz                                                 Chapter 13
          Debtor

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: snipesj          Page 1 of 2          Date Rcvd: Mar 12, 2014
                             Form ID: CGFD26         Total Noticed: 22


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 14, 2014.
```
db           +Debra Tina Diaz,   10605 S.W. 158 Place,   Miami, FL 33196-3196
smg           Florida Department of Revenue,   POB 6668,   Bankruptcy Division,   Tallhassee, FL 32314-6668
cr           +Hammocks Community Association, Inc.,   c/o Jeffrey S. Berlowitz, Esq.,
              Siegfried, Rivera, Hyman, et. al.,   201 Alhambra Circle,   11th Floor,
              Coral Gables, FL 33134-5107
cr           +Miami Postal Service Credit Union,   c/o Heckman Law Group, P.L.,   326 Williams Street,
              Tallahassee, FL 32303-6230
cr           +WELLS FARGO BANK, N.A.,   c/o Niall T. McLachlan,   Carlton Fields, PA,   100 SE 2nd Street,
              Suite 4200,   Miami, FL 33131-2113
91793872     +Central Financial Control,   PO Box 66044,   Anaheim, CA 92816-6044
91850651     +Jefferson Capital Systems LLC,   PO BOX 7999,   SAINT CLOUD MN 56302-7999
91793876     +Miami Postal Service Credit Union,   2190 N.W. 72 Avenue,   Miami, FL 33122-1824
92100539    ++PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK VA 23541-1067
              (address filed with court:  Portfolio Recovery Associates, LLC,   POB 41067,   Norfolk VA 23541)
91993985     +WELLS FARGO BANK, N.A.,   c/o Niall T. Mclachlan,   Carlton Fields Jorden Burt, PA,
              100 SE 2nd Street, Suite 4200,   Miami, FL 33131-2113
91793879      Wells Fargo Bank N.A.,   c/o Naomi Berry, Esquire,   Carlton Fields, P.A.,
              100 S.E. 2nd Street,Suite 4200,   Miami, FL 33131-2114
91793880     +Wells Fargo/The Avenue,   P. O. Box 182789,   Columbus, OH 43218-2789
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr           +E-mail/PDF: rmscedi@recoverycorp.com Mar 13 2014 01:09:53     GE Capital Retail Bank,
              c/o Recovery Management Systems Corp,   25 SE 2 Ave #1120,   Miami, FL 33131-1605
91899049     +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM Mar 13 2014 01:01:32     Asset Acceptance LLC,
              PO Box 2036,   Warren, MI 48090-2036
91793871     +E-mail/Text: coafinternalbkteam@capitaloneauto.com Mar 13 2014 01:23:22
              Capital One Auto Finance,   3905 Dallas Parkway,   Plano, TX 75093-7892
91793874     +E-mail/PDF: gecsedi@recoverycorp.com Mar 13 2014 01:08:19     GECRB/Care Credit,
              P.O. Box 965036,   Orlando, FL 32896-5036
91793875      E-mail/Text: cio.bncmail@irs.gov Mar 13 2014 01:00:50     Internal Revenue Service,
              51 S.W. 1st Avenue,   Suite 700,   Miami, FL 33130
92073132      E-mail/PDF: resurgentbknotifications@resurgent.com Mar 13 2014 01:04:25
              LVNV Funding, LLC its successors and assigns as,   assignee of Arrow Financial Services,,   LLC,
              Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
91853613      E-mail/Text: bnc-quantum@quantum3group.com Mar 13 2014 01:01:25
              Quantum3 Group LLC as agent for,   Comenity Bank,   PO Box 788,   Kirkland, WA 98083-0788
91857466     +E-mail/Text: rjm@ebn.phinsolutions.com Mar 13 2014 01:01:13     Rjm Acquisitions Llc,
              575 Underhill Blvd, Suite 224,   Syosset, NY 11791-4437
91793877     +E-mail/Text: bkc@sfefcu.org Mar 13 2014 00:59:10     South Florida Educational FCU,
              7800 S.W. 117 Avenue,   Miami, FL 33183-3895
91793878     +E-mail/Text: bankruptcyreports@wakeassoc.com Mar 13 2014 01:23:18     Wakefield and Associates,
              3091 S Jamaica Ct Ste 200,   Aurora, CO 80014-2639
                                                                                   TOTAL: 10
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
91793873    ##+First Federal Credit & Collection,   5821 Hollywood Blvd.,   Hollywood, FL 33021-6308
                                                                  TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 14, 2014                              Signature:  /s/Joseph Speetjens

```
District/off: 113C-1          User: snipesj            Page 2 of 2            Date Rcvd: Mar 12, 2014
                              Form ID: CGFD26         Total Noticed: 22
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 12, 2014 at the address(es) listed below:
              Annie  Hernandez    on behalf of Debtor Debra Tina Diaz AHERNANDEZ@LSGMI.ORG
              Brad W Hissing, Esq    on behalf of Creditor    WELLS FARGO BANK, N.A.
               bankruptcynotices@kasslaw.com,  bankruptcynotices@yahoo.com
              Chad D Heckman    on behalf of Creditor    Miami Postal Service Credit Union
               eservice@heckmanlawgroup.com
              Jeffrey S. Berlowitz    on behalf of Creditor    Hammocks Community Association, Inc.
               jberlowitz@srhl-law.com,  mcabrera@srhl-law.com
              Nancy K. Neidich     e2c8f01@ch13herkert.com
              Niall T McLachlan, Esq    on behalf of Creditor    WELLS FARGO BANK, N.A.
               nmclachlan@carltonfields.com,  cguzman@carltonfields.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
                                                                                             TOTAL: 7
```

**CGFD26** (12/20/11)



ORDERED in the Southern District of Florida on March 12, 2014



**Laurel M Isicoff**
United States Bankruptcy Judge

# United States Bankruptcy Court
## Southern District of Florida
www.flsb.uscourts.gov

Case Number: 13–35330–LMI

Chapter: 13

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Debra Tina Diaz
10605 S.W. 158 Place
Miami, FL 33196

SSN: xxx–xx–3087

### ORDER CONFIRMING CHAPTER 13 PLAN

    This cause came before the court on 3/4/2014 for confirmation of the debtor's proposed Second Amended chapter 13 plan pursuant to Local Rule 3015–3(B)(2). Based on the record, including the debtor's "Certificate of Compliance and Request for Confirmation on Chapter 13 Plan", it is

**ORDERED** as follows:

1. The debtor's chapter 13 plan (the "Plan") meets with the provisions of 11 U.S.C. § 1325 and, if applicable, § 521 and 1308, and is, therefore, confirmed in accordance with its terms.

*Page 1 of 3*

2. Any claim entitled to priority under 11 U.S.C. § 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. § 1322(a)(2), with postpetition interest as required by 11 U.S.C. § 506(b) payable on the secured portion of the claim.

3. The debtor's first monthly payment to the Trustee under the Plan was required to commence not later than 30 days following October 22, 2013, the date the petition was filed, or within 30 days from the date of conversion to chapter 13. The Trustee shall begin disbursement to creditors pursuant to the Plan as soon as practicable upon entry of this order.

4. If the Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor which secures the creditor's claim.

5. Any executory contract or unexpired lease of the debtor which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Plan confirmed by this order, is deemed rejected upon entry of this order.

6. If the confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the debtor, the following provisions shall apply:

    A. To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

    B. The Tax Collector shall be served with any order entered post–confirmation which (a) dismisses or converts this case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the debtor upon completion of the plan. Upon receipt of any such order, the Tax Collector shall request a ledger from the Chapter 13 Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Chapter 13 Trustee's website.

    C. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further order of the Court if (a) one of the orders described in subparagraph B is entered; and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Chapter 13 Trustee's ledger.

7. Pursuant to Local Rule 3070–1(C)(2), if the debtor fails to timely make any Plan payment to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the debtor and the debtor's attorney. The debtor shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Plan, including any payments that become due within the 45–day period. If the debtor is seeking to cure the delinquency in a modified plan the debtor must file a motion to modify the confirmed plan within 14 days of the date of the "Notice of Delinquency". If the debtor is not current with plan payments on the 45th day after the date of the "Notice of Delinquency", the Trustee shall file and serve a report of non–compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the debtor filing any new bankruptcy case in any federal bankruptcy court in the United States for a period of 180 days from entry of the order of dismissal. The court will not extend these deadlines absent extraordinary circumstances.

8. To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

The clerk shall serve a copy of this order on all parties of record.

# # #